UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARK ROBINSON,

        Petitioner,

    v.

MATTHEW CATE,

        Respondent.

                            NO. CIV. S-10-2089 LKK/CHS

                            O R D E R

Petitioner's motion for reconsideration will be dismissed, as his notice of appeal has divested this court of jurisdiction to consider the motion.

On May 7, 2012, this court denied petitioner's habeas corpus petition, and declined to issue a certificate of appealability. The Clerk entered judgment pursuant to the order that same day. On May 31, 2012, petitioner filed a Notice of Appeal and a "Request for Certificate of Appealability."

The filing of the Notice of Appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." <u>Small v. Operative Plasterers' and Cement Masons' International Ass'n Local</u>

1

1 | 200, 611 F.3d 483, 495 (9th Cir. 2010), citing Griggs v. Provident
2 | Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam).[1]
3 |     Since the request for a Certificate of Appealability and the
4 | Motion for Reconsideration directly relate to matters on appeal,
5 | this court has no jurisdiction to consider them, and accordingly,
6 | both are **DISMISSED** (Dkt. Nos. 35 & 38).
7 |     IT IS SO ORDERED.
8 |     DATED:  June 12, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Petitioner filed the Motion for Reconsideration 28 days after the judgment was entered. Had he filed the motion before filing the Notice of Appeal, the effective date of the appeal would have been suspended until the court decided the reconsideration motion. Fed. R. App. P. 4(a)(4)(A)(vi) & (a)(4)(B)(i) United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) ("The notice of appeal in this case did not, however, divest the district court of jurisdiction at the time it was filed because there was then a pending motion for reconsideration") (emphasis added). Although a pending reconsideration motion would suspend the effectiveness of a Notice of Appeal – even if it is filed during the pendency of the reconsideration motion – it does not appear that such a motion can revoke the effectiveness of an already-filed Notice of Appeal.